

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Brady Gentry, Chairman
Texas Highway Commission
Austin, Texas

Dear Sir:

Opinion No. O-5118
Re: Whether by contract or
    otherwise County or
    Road District may waive
    participation of eligible
    bonded indebtedness in
    County and Road District
    Highway Fund. Art. 6674q-1-
    6674q-14, V. A. C. S.

Receipt is acknowledged of your letter of March 5, 1943, requesting the opinion of this department on the following questions:

"1. Is the Highway Commission authorized to enter into contract with a County Commissioner's Court, acting for itself or a defined road district, whereby the Highway Commission agrees to disignate and maintain a county road as a part of the System of State Designated Highways, in consideration of the relinquishment and waiver by the Commissioner's Court of any and all right, present or future, that it or the road district has or may have to have the bonded indebtedness created by the construction of such road become eligible for participation in the County and Road District Highway Fund; and,

"2. Is a County Commissioner's Court, acting either for the County or a defined road district, authorized to enter into contract with the State Highway Commission, whereby it agrees to relinquish and waive any and all rights, present or future, that it or the road district has or may have to have such bonded indebtedness become eligible for participation in the County and Road District Highway Fund, in consideration of the direct benefits moving to the County or road district by reason of the disignation and maintenance of the road by the State Highway Commission?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Articles 6674q-1-6674q-14 of Vernon's Annotated Civil Statutes are generally known as the Road Bond Assumption Law. As you are aware, the law provides for the establishment and maintenance of a County and Road District Highway Fund to be administered by the Board of County and Road District Indebtedness therein provided. The purpose of this fund is to service and retire road indebtedness of counties and road districts eligible under the terms of the act.

Section (a) of Article 6674q-7 provides in part:

"In addition to and regardless of the other provisions of this Act, all bonds, warrants or other legal evidences of indebtedness voted, or issued without being voted by a county, road district or defined road district prior to January 2, 1939, in so far as amounts of same were or may be issued and the proceeds actually expended in the construction of roads which are now a part of the designated System of State Highways or which have since, or which may hereafter become a part of the designated System of State Highways shall be eligible to participate in the distribution of the moneys coming into said County and Road District Highway Fund the same as provided for other bonds under this Act and as of the date of the disignation of said road as a part of the State Highway System;" (Emphasis Supplied)

Thus the Legislature has specifically provided that road indebtedness of a county or road district voted or issued prior to January 2, 1959, shall be eligible to participate in the fund, upon the designation of the road as a part of the State Highway System.

It is elementary that county commissioners' courts, road district, and all other political subdivisions of the State are dependant entirely upon the legislative word in regard to their authority to make contracts. Since the Legislature has plainly spoken to the contrary there can be no doubt that neither the Highway Department, the Board of County and Road District Indebtedness, a commissioners' court, nor a road district may by contract or otherwise waive the right of eligible indebtedness to participate

in the County and Road District Highway Fund.  To hold
that such authority existed, would be tantamount to per-
mitting by contract a change in the expressed intent of
the Legislature.

Each of your questions is accordingly answered in
the negative.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/

James D. Smullen
Assistant

JDS:ncd

APPROVED MAR 27, 1943
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN

JDS:mw